UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

ISAAC BOATENG

                                            **COMPLAINT**

                                            **25 Civ.**

                        Plaintiff,          **ECF Case**

        - against –                         **Jury Trial Demanded**

THE CITY OF NEW YORK;
THE NEW YORK CITY POLICE DEPARTMENT;
Police Officers JOHN DOES #1-3 and JANE DOE
#1 (whose identities are unknown but who are known
to be police officers and/or supervisory personnel of the
New York City Police Department); in their
individual and official capacities,

                        Defendants,

---------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1.      This civil rights action is brought in response to the violent acts of police abuse against Plaintiff ISAAC BOATENG ("Plaintiff"). Plaintiff seeks relief for the Defendants' violations of his rights as secured by the Civil Rights Act, 42 U.S.C § 1983, and his rights secured by the First, Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual defendants, without just cause or lawful authority, interfered with his right of free expression, utilized excessive force and committed unwarranted

and malicious assaults on plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff ISAAC BOATENG.

**JURISDICTION AND VENUE**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3.      Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derives from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c), and because the claims arose from and Plaintiff resides in this district.

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

**NOTICE OF CLAIM**

6.      Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff's claims against Defendants City of New York ("the City") and New York City Police Department ("NYPD").

7.      The City assigned a claim number to Plaintiff's claims, and Plaintiff was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on December 11, 2024.

8.      To date, no answer has been received by Plaintiff and no compensation has been offered by Defendant City of New York in response to this claim.

9.      This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

**PARTIES**

10.     Plaintiff ISAAC BOATENG is a Black resident of Bronx County in the City and State of New York.

11.     Defendant New York City Police Officers JOHN DOES #1-3 and JANE DOE #1 are and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. Officer Does are being sued in their individual and official capacities.

12.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department

which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

14.     On July 29, 2024, at approximately 7:45 p.m., Plaintiff was walking north on Jerome Avenue with a friend, from his nearby home at 64 East Clifford Place (near the intersection of 175th Street and Jerome Avenue).

15.     Plaintiff saw a marked NYPD patrol car driving south on Jerome Avenue. Immediately after the patrol car passed him, it did a u-turn and parked alongside Plaintiff. Four NYPD officers (three John Doe officers, one Jane Doe officer) quickly emerged and ran toward him. Plaintiff quickly took out his phone and began to film them, as he was walking lawfully and was made fearful by their conduct.

16.     Without saying anything, the Defendant NYPD officers confronted Plaintiff, and shoved him violently against the wall of the closest building. They began to grab Plaintiff and reach into his clothing, illegally searching him in an unreasonably intrusive manner. Plaintiff told the officers he did not consent to their actions, and asked the officers why he was being searched. The officers did not respond. Plaintiff asked the officers for their names and badge numbers, which they refused to provide. After finding nothing illegal on Plaintiff's person, the officers concluded their search and began to walk away. Plaintiff followed the officers, renewing his effort to film them, and to capture their faces and badges on camera.

4

17.     At this point, defendant Jane Doe officer attempted to knock Plaintiff's phone away using her right hand. Plaintiff regained control of his phone and attempted to film again.

18.     Suddenly, defendant Jane Doe slapped at the phone with her left hand, and began to batter Plaintiff, striking him with violent and deliberate force on his head. At no point had Plaintiff actually touched her with his phone.

19.     The Jane Doe officer was immediately joined by another John Doe officer, who proceeded to beat Plaintiff with deliberate and unnecessary force, punching him and elbowing him in the ribs and face.

20.     The other John Doe officers made no effort to restrain their colleagues or de-escalate the situation, instead joining in the assault. Plaintiff was Tased by another John Doe officer and brought to the ground.

21.     Plaintiff was arrested and brought to the hospital, and treated for the burns from the TASER. His phone was vouchered as arrest evidence.

22.     Plaintiff was held at the hospital for a few hours and then brought to the 46th Precinct. He was kept overnight in a cell and was offered water and cookies by different officers at the precinct.

23.     Plaintiff was arraigned that evening in the Bronx (over 24 hours after his initial arrest) under complaint CR-01895-24BX and charged with Penal Law 120.05(03) (Assault in the Second Degree), a D Felony; Penal Law 120.05(02) (Assault in the Second Degree), a D Felony; Penal Law 190.05 (Obstructing Governmental Administration); Penal Law 120.00(1) (Assault in the third degree); Penal Law 265.01(2)(Criminal Possession of a Weapon); Penal

Law 205.30 (Resisting Arrest); and Penal Law 240.26(1) (Harrasment). Bail was set in the amount of $10,000.

24.     Plaintiff was unable to immediately post bail, and was transported to Rikers Island, where he was kept in a cell without a bed overnight. He was given a paper cup of water after making a request.

25.     The next evening -- July 31, 2024 -- Plaintiff was bailed out by his girlfriend.

26.     On August 2, 2024, Plaintiff appeared in Bronx Supreme Court, Criminal Term. Plaintiff had obtained video of his beating and arrest from a bystander and showed it to the assigned Assistant District Attorney. The case was immediately dismissed.

27.     Plaintiff was traumatized by this encounter. He continues to experience anxiety and fear when he sees police or hears a siren, which triggers memories of the illegal beating and arrest he suffered.

28.     The assault on ISAAC BOATENG by the defendant police officers was in excess of their authority as NYPD officers. This assault was made without proper cause or legal justification.

29.     Defendants' conduct caused ISAAC BOATENG to sustain physical pain and suffering, including psychological and emotional trauma. Their actions constituted outrageous and reckless conduct, demonstrated a callous indifference to and willful disregard of Plaintiff's federal and state protected rights.

**FIRST CLAIM FOR RELIEF**
**Violation of Isaac Boateng's First, Fourth and Fourteenth Amendment Rights**

30.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

31.     Defendants Jane and John Does, who were acting in concert and within the scope of their authority, interfered with Plaintiff's First Amendment rights of free expression, arrested and caused plaintiff ISAAC BOATENG to be imprisoned without probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

32.     Plaintiff ISAAC BOATENG suffered injury as a result of defendants Jane and John Does' conduct.

**SECOND CLAIM FOR RELIEF**
**Violation of Isaac Boateng's First Amendment Rights**

33.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34.      The interference with Plaintiff's right to take photographs in a public place and the deprivation of his continuing ability to do so by physically taking his phone by defendants Jane and John Does, acting in concert, was an objectively unreasonable violation of his rights under the First Amendment to the Constitution of the United States.

35.     Plaintiff ISAAC BOATENG suffered injuries as a result of defendants Jane and John Does' conduct.

7

**THIRD CLAIM FOR RELIEF**
**Violation of Isaac Boateng's Fourth Amendment Rights: excessive use of force**

36.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37.    The use of excessive force by defendants Jane and John Does, acting in concert, in punching, beating, electrically stunning, and forcibly restraining plaintiff ISAAC BOATENG was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

**FOURTH CLAIM FOR RELIEF**
**Assault of Isaac Boateng**

38.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

39.    Defendants Jane and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff ISAAC BOATENG in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing acts, which threatened such contact to the plaintiff, and that such acts caused reasonable apprehension of such contact in the plaintiff.

40.    Defendants Jane and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD.  The City of New York and the NYPD are responsible for the conduct of the unidentified Jane and John Doe police officers.

41.    Plaintiff ISAAC BOATENG suffered injury as a result of defendants Jane and John Does' conduct.

42.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

<u>**FIFTH CLAIM FOR RELIEF**</u>
<u>**Battery of Isaac Boateng**</u>

43.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44.    Defendants Jane and John Does, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff ISAAC BOATENG when they, in a hostile and/or offensive manner unlawfully battered, struck and punched plaintiff ISAAC BOATENG without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

45.    Defendants Jane and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

46.    Plaintiff ISAAC BOATENG suffered injury as a result of defendants Jane and John Does conduct.

47.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SIXTH CLAIM FOR RELIEF**
**False Arrest and False Imprisonment of Isaac Boateng**

48.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     The acts and conduct of the defendants Jane and John Does constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff ISAAC BOATENG and, in fact, confined plaintiff, and plaintiff ISAAC BOATENG was conscious of the confinement.  Moreover, plaintiff ISAAC BOATENG did not consent to the confinement and the confinement was not otherwise privileged.

50.     Defendants Jane and John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

51.     Plaintiff ISAAC BOATENG suffered injuries as a result of defendants' conduct.

52.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SEVENTH CLAIM FOR RELIEF**
**Malicious Prosecution of Isaac Boateng**

53.

54.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

55.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States.  Defendants commenced and continued a criminal proceeding against plaintiff ISAAC BOATENG.  Defendants acted with actual malice in commencing and continuing the

10

proceeding and there was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to plaintiff ISAAC BOATENG.

56.     Plaintiff ISAAC BOATENG suffered injury as a result of defendants' conduct.

57.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.  Pursuant to the Fourth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

## EIGHTH CLAIM FOR RELIEF
### Negligent Hiring, Retention, Training and Supervision

58.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59.     Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Jane and John Does, individuals who were unfit for the performance of police duties on January July 29, 2024, at the aforementioned location.

60.     Plaintiff ISAAC BOATENG suffered injuries as a result of the conduct of defendant The City of New York.

61.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

62.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

11

63.    Defendants' unlawful conduct was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

64.    Defendants' conduct was intended to and did cause severe emotional distress to Plaintiff ISAAC BOATENG.

65.    The conduct of the defendant police officers was the direct and proximate cause of injury and damage to Plaintiff ISAAC BOATENG and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

66.    As a result of the foregoing, plaintiff ISAAC BOATENG was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damages and injured.

67.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**TENTH CLAIM FOR RELIEF**
**Negligent Infliction of Emotional Distress**

68.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

69.    Defendants' conduct, in assaulting and battering Plaintiff ISAAC BOATENG, was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff ISAAC BOATENG.

70.    The acts and conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiff ISAAC BOATENG and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71.     As a result of the foregoing, plaintiff ISAAC BOATENG was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

72.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS ARE WARRANTED AND APPROPRIATE

73.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

74.     The acts of the individual Defendants were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff' well-being, and were based on a lack of concern and ill-will towards Plaintiff.

75.     As such, Plaintiff seeks punitive damages as to all defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ISAAC BOATENG prays for relief as follows:

a.     That the jury find and the Court adjudge and decree that plaintiff ISAAC BOATENG shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally;

b.     That the plaintiff recovers the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

       c.      That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated:      April 23, 2025
               New York, New York

                                    **BRILL LEGAL GROUP, P.C.**

                                  By: _____/s/_____ __
                                    **David Gray**
                                  176 Lexington Avenue, Suite O
                                  New York, NY 10016
                                  (212) 233-4141

                                  *ATTORNEYS FOR PLAINTIFF*